UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS VALENCIA ONTIVEROS,<br><br>Defendant. | No. 2:07-cr-088 KJM<br><br><br><br>ORDER |

        Defendant Valencia Ontiveros was sentenced on November 24, 2008, to 235 months in prison for his role in a drug trafficking conspiracy. Represented by the Federal Defender's Office, he now moves to reduce his sentence to 151 months under 18 U.S.C. § 3582(c)(2). Mot., ECF No. 394. Defendant relies on Amendment 782 to the U.S. Sentencing Guidelines ("U.S.S.G.") § 1B1.10, which became effective November 1, 2014 and lowered by two points the base offense level for most drug trafficking offenses. The Amendment applies retroactively to defendants sentenced prior to its effective date. *See Serrano v. United States*, No. 1:02-CR-05319-LJO, 2014 WL 6773237, at *1 (E.D. Cal. Nov. 10, 2014). The government concedes defendant is entitled to a sentence reduction, but challenges the extent of his requested reduction. Opp'n, ECF No. 396. After careful consideration, the court GRANTS defendant's motion and REDUCES his sentence, but to 188 months instead of 151 months.

/////

1

I.   BACKGROUND

Defendant pled guilty to violating 21 U.S.C. §§ 846 and 841(a)(1), possession with intent to distribute 1.168 kilograms of methamphetamine and conspiracy to do the same. Superseding Indictment, ECF No. 42; Sentencing Mins., ECF No. 242. His offense level at the time of sentencing was 36, with a two-level increase for firearm possession and a three-level reduction for acceptance of responsibility. *See* Presentence Investigation Report ("PSR"), ECF No. 323 (SEALED), at 14-15. The adjusted offense level of 35, paired with defendant's Category II criminal history, resulted in a Sentencing Guidelines range of 188 to 235 months. *Id.* at 15-16. The court imposed a 235 month sentence, the high-end of the Guidelines range. Judgment, ECF No. 244, at 1-2.

Sentencing Guidelines Amendment 782, which changed the base offense level for crimes involving 500 grams to 1.5 kilograms of methamphetamine, subsequently reduced defendant's offense level from 36 to 34. U.S.S.G. § 2D1.1(c)(3). With the firearm possession enhancement and acceptance of responsibility decrease, his adjusted offense level becomes 33, which, when paired with a Category II criminal history, produces an amended guideline range of 151 to 188 months. *See* Opp'n at 2; Mot. at 2. Stated differently, the motion for a sentence reduction based on Amendment 782, if granted, reduces his sentencing range by 47 months. The government concedes a reduction is warranted, but opposes defendant's request for a reduction to 151 months, at the low end of the amended range. Opp'n at 2. Instead, the government asks that the court reduce defendant's sentence to 188 months, the high end of the range.

II.   LEGAL STANDARD

The district court's authority to modify a prison sentence "based on a guideline range that is later lowered by the Sentencing Commission" derives from 18 U.S.C. § 3582(c)(2). *United States v. Rodriguez-Soriano*, 855 F.3d 1040, 1042 (9th Cir. 2017) (citing § 3582(c)(2)). "The Supreme Court has clarified that section 3582(c)(2) requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)). "First, a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G § 1B1.10." *Id.* (citing *Dillon*,

560 U.S. at 827). This is done "by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting § 1B1.10(b)(1)). The government here concedes the first step is satisfied because defendant is eligible for a sentence reduction within the new range of 151 to 188 months. Opp'n at 2-3.

The second step requires the court to consider "any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827; *see also* U.S.S.G. § 1B1.10 ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). Application note 1(B)(ii) to U.S.S.G. § 1B1.10 directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment . . . ." Application note 1(B)(iii) further provides that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the term of imprisonment . . . ." Both application notes specify these factors are relevant in determining "whether such a reduction is warranted" and if so, "the extent of such reduction," but only within the applicable guideline range. U.S.S.G. § 1B1.10, Application notes 1(B)(ii)-(iii); *Dunn*, 728 F.3d at 1155.

III. ANALYSIS

As noted, the government concedes a sentence reduction is warranted, but argues the reduction should be limited to 47 months off the prior sentence.

The court agrees. As defendant concedes, "[t]ypically the Court will grant an Amendment 782 reduction on par within the guidelines as the original sentence, i.e. if the original sentence was a high-end guideline sentence then the reduction would also be to the high-end of the guidelines." Mot. at 2. The reduction naturally anticipated under Amendment 782, therefore, totals 47 months, reducing defendant's high end sentence of 235 months down to a new high-end

3

sentence of 188 months. Defendant cites his imminent deportation and his ten years of incarceration "without any disciplinary actions" as reason not only to reduce his sentence to fit the high end of the amended guideline range, but also to reduce his sentence to the lowest figure within the amended range, 151 months. Mot. at 4-5.

The court is not persuaded. The high-end sentence remains appropriate: Defendant was one of the leaders in an armed drug trafficking conspiracy and his vehicle contained a loaded .357 revolver. *See* PSR at 9-11, 14-15. Although defendant's dangerousness and post-conviction behavior is relevant in assessing whether to reduce his sentence at all, defendant cites no authority supporting his request for the lowest possible sentence within the reduced range. Such a low-end sentence would undermine both the seriousness of his offense and the careful balancing of § 3355(a)'s factors that molded the court's determination of his original sentence. *See* Judgment; Sentencing Mins; *cf. United States v. Martinez*, 678 F. App'x 603, 604 (9th Cir. 2017) (summarily affirming district court's denial of similar request based on Amendment 782; explaining "in light of the nature of Martinez's offense . . . the district court did not abuse its discretion by reducing Martinez's sentence to the high-end of the amended Guidelines range" and noting "the district court adequately addressed his arguments for a further reduction and explained its sentencing decision.") (citations omitted).

In sum, the court agrees defendant is entitled to a sentence reduction under Amendment 782, but finds the circumstances here warrant no more than a 47-month reduction.

IV. CERTIFICATE OF APPEALABILITY

No certificate of appealability will issue. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has instructed that a petitioner must show "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Defendant here has made neither showing. 28 U.S.C. § 2253(c)(2). No reasonable jurists would find this court's assessment of defendant's claims debatable or wrong.

V. <u>CONCLUSION</u>

Defendant's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) is GRANTED, but instead of reducing his sentence to 151 months as requested, the court REDUCES defendant's sentence to 188 months, the high end of the amended guideline range.

IT IS SO ORDERED.

This resolves ECF No. 394.

DATED: March 6, 2018.

_____
UNITED STATES DISTRICT JUDGE